```
                  IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF UTAH
_____

MICHAEL V. LUJAN,                )   **MEMORANDUM DECISION AND ORDER**
                                 )   **DENYING MOTION TO APPOINT**
                                 )   **COUNSEL AND DISMISSING CASE**
                                 )
         Plaintiff,              )   Case No. 2:09-CV-198 TS
                                 )
    v.                           )   District Judge Ted Stewart
                                 )
FRED DREIS et al.,               )
                                 )
         Defendants.             )
_____
```

Plaintiff, inmate Michael V. Lujan, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2010), proceeding *in forma pauperis*, *see* 28 *id.* 1915. Reviewing the complaint under § 1915(e), in an Order dated April 28, 2009, the Court determined Plaintiff's complaint was deficient for a variety of reasons. The Court then gave Plaintiff direction for curing the deficiencies, sent him a "Pro Se Litigant Guide," with a blank-form civil rights complaint, and ordered him to cure the deficiencies within thirty days.

After several months during which Plaintiff did not appropriately respond, on January 28, 1010, the Court ordered him to show cause why his case should not be dismissed. The Court repeated the complaint's deficiencies and its direction for curing the deficiencies, again sent him a "Pro Se Litigant Guide," with a blank-form civil rights complaint, and gave him thirty more days to cure the deficiencies.

Instead of filing an amended complaint, as ordered, Plaintiff filed a letter about his case, a redundant motion to proceed *in forma pauperis*, a certificate of service, and motions for service of process, appointment of a jury, and appointed counsel. A review of these documents proves none of them are responsive to the Court's order to show cause requiring an amended complaint.

## Motion for Appointed Counsel

Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent inmates. *See* 28 U.S.C.S. § 1915(e)(1) (2010); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Plaintiff has the burden to "convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*,

926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Weighing these factors, the Court concludes that Plaintiff's claims are not be colorable, the issues in this case are not complex, and Plaintiff appears not too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies Plaintiff's motion for appointed counsel.

### ORDER

**IT IS ORDERED** that Plaintiff's motion for appointed counsel is **DENIED**. (*See* Docket Entry # 35.)

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim under § 1915(e)(2)(B)(ii) and failure to prosecute under Federal Rule of Civil Procedure 41(b).

DATED this 26th day of April, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge